Pearson, J.
 

 The allegation that the deed of the plaintiff’s intestate, executed 6th of March, 1847, by which the slave is conveyed to the defendant, is a mortgage, we think established. Upon its face, the deed purports to be a mortgage — a debt of $600 is set out — day of payment is given until the
 
 15th of August,
 
 1848, with interest from 15th of August, 1846, on the $600— and the parties agree on the rate of hire to be allowed for the services of the slaves, provided the money and interest are paid. This stamps upon the deed the character of mortgage. The evidence, instead of rebutting this
 
 prima facie
 
 presumption of a mortgage, tends to confirm it.
 

 But supposing it to be a mortgage, there is on the face of the. bill a fatal objection to the plaintiff’s right of redemption. The time of performance, specified in the mortgage, is the
 
 15th day of August,
 
 1848. The bill is filed on the 17th day of August, 1850. So the plaintiff has “failed to perform the condition,” and 1
 
 ‘
 
 has omitted to file his bill to redeem, for the space of two years after the forfeiture;” and he is “held and deemed forever barred of all claim in equity to the property aforesaid.” Rev. Stat., ch. 65, sec. 19. It is true he fell short only
 
 two days,
 
 but the Statute has no proviso; and although it may seem hard, we cannot help
 
 it
 
 — sic
 
 lex ita scripta est.
 
 If two days over the time were allowed, then ten, twenty days would be insisted on, and there would be no end to the violation of the'Statute. Sows must act on the rule, “a miss is as much as a mile,” or defeat the object of the Statute, which was to restrict the equity of redemption in personal property to two years — that species of pro
 
 *60
 
 perty being transitory and shifting — and not allow an indefinite time to redeem, as is the case in regard to real property, until foreclosure or presumption of satisfaction. In this case, the mortgagor died a fetv days before tbie forfeiture, and the plaintiff did not administer upon his estate until some nine months afterwards, and he tendered the money a few days before the 17th of August, 1850; but there is no saving clause in the Statute.
 

 It is said, the benefit of this Statute ought to have been insisted upon by plea, and at all events, there ought to have been a demurrer, or the matter should have been relied on in the answer ; and that it cannot be started and relied on for the first time at the hearing. We have, after much consideration, arrived at the conclusion that the objection is fatal, although taken for the first time at the hearing; and the bill must be dismissed.
 

 The question may be looked at in two points of view. 1. Before the Statute, the Courts of Equity allowed an indefinite time for redemption, both as to personal and real property. The Statute says in regard to personal property — this right or equity of redemption shall be restricted to two years, after forfeiture. Upon the face of the bill, therefore, taken in connection with the Statute, of which the Court
 
 is bound to take
 
 notice, the plaintiff, at the time he filed his bill, had no right or equity of redemption; and it follows, as a matter of course, that upon the hearing the Court, not being able to declare that he has an equity, must dismiss the bill, on precisely the same ground that in a Court of law judgment will be arrested (although the objection has not been taken, either by plea or demurrer) if, upon the face of the declaration, it appears that the plaintiff has no cause of action. For no Court will give judgment or make a decree, if it appear on the face of the proceedings, that the plaintiff is not entitled to it according to law.
 

 2. Yiewed as a statute of limitations, there is no reason why the objection, appearing on the face of the bill, may not be taken advantage of at the hearing. It was at one time the received opinion, that the Statute of Limitations, or objections in analogy to it, lapse of time, &c., could only be taken advantage of
 
 by •plea,
 
 as well in Courts of Equity as in Courts of Law. It was afterwards settled, that as a plea in equity was a special answer,
 
 *61
 
 put in to avoid a general one, there was no reason why the objection, based on the Statute of Limitations, might not be relied on in the general, as well as the special answer (or plea.) It was then suggested, suppose the matter appears on the face of the bill, what use is there for a plea? why not allow the defendant to take the objection by demurrer? The question was yielded; and ever since the case of
 
 Hardy
 
 v. Reeves, 4 Ves., 466, it has been considered that the Statute of Limitations, or objections'in analogy to it, may be taken advantage of by demurrer, if the bill is so framed as to bring the case within the objection, and there is no allegation to take it out of the operation of the Statute, or rule of Courts of Equity, in analogy to a Statute operating at law.
 

 That advantage might be taken of a Statute of Limitations by demurrer, if the bill is so framed as to bring it within the objection, was settled long before it was admitted that advantage could be taken of the lapse of time, by
 
 demurrer
 
 —Hovenden v. Annesly, 2 Sch.
 
 &
 
 Lef., 630; and, as late as 1826, in
 
 Nesbit
 
 v. Brown, 1 Dev. Eq., 30, we find HendeesoN, Judge, insisting that lapse of time is not cause for demurrer, and that it should have been insisted on by the plea or in
 
 the
 
 answer,
 
 for the
 
 reason that the plaintiff would then have been prepared to repel it: and Taylok, Chief Justice, puts his opinion on the ground that the objection was not relied upon in the answer,
 
 nor was it insisted on at the hearing
 
 — both Judges, however, agreeing, that according to the late English decisions, recognized by this Court in
 
 Falls
 
 v.
 
 Torrance,
 
 4 Hawks, 412, a statute of limitations, or an objection in analogy to it, might be made by demurrer, if it was apparent on the face of the bill. Yielding to the common sense view of the question, if the objection is apparent on the face of the bill, as the Court is bound to take notice of a public Statute, how can it make a decree in defiance of what is apparent? If any matter existed to relieve the case from the bar of the Statute, or from the effect of the lapse of time — such as infancy, coverture, want of intellect — the plaintiff, seeing the case as set out was within the bar, ought to set out these facts so that they might be put in issue, and to require a plea, (the office of which is to bring forward some new matter,) when the objection appearing on the bill is absurd. 1 Daniel’s Ch. Prac., 622, and notes.
 

 
 *62
 
 Assume, then, that when, upon the face of the bill, the case is barred by a statute of limitations, the statute need not be pleaded, but the objection may be made on demurrer, then the question is, suppose there is no plea nor demurrer, and the matter is not relied on in the answer: — can it be taken advantage of at the hearing? , We ask why not? — inasmuch as the Court, when about to give its decree, is bound to look at the whole record, and from that it appears the plantiff’s suit is barred by a statute, which the Court is bound to take notice of? It is admitted, at this day, that there is no occasion for a plea, inasmuch as the matter appears from the plantiff’s own showing. The office of a demurrer in equity is merely to avoid an answer. If the defendant is willing to answer, and does answer, there can be no use for a demurrer.. So, there is no use for a plea and no use for a demurrer, when the party is willing to answer. Then the question is, must the answer pray to have the same benefit of it, as if specially pleaded, or made the ground of demurrer ? Certainly not. If it was not necessary to plead or demur directly, it cannot be necessary to do so indirectly. There is no occasion for this formula, except where the matter would not otherwise be brought to the notice of the Court, or is a matter of form which the party may waive, and is presumed to waive, unless he insists on it by plea or demurrer, or in his answer, as a substitute for plea or demurrer: e.
 
 g.,
 
 disability in the plantiff to sue, as being an outlaw or an alien enemy— multifariousness, by which the defendants or some of them may be unnecessarily put- to inconvenience.
 

 If the matter appears on the face of the proceedings, and by force of a public Statute, the plaintiff either has no equity or his remedy therefor is barred, how can the Court make a decree in his favor? Adams, in his “ Doctrine of Equity,” page 264, says
 
 “
 
 a plea, like a demurrer, is not compulsory on the defendant; and if he has no strong motive for resisting discovery, an answer is generally the safer course-” “An objection, which might have been made by demurrer or plea, will in most cases be equally a bar when insisted on by answer.” “ In the case of an objection for want of parties, not taken by demurrer or plea, the rule
 
 formerly
 
 was that whether pointed out in the answer or not,
 
 *63
 
 such objection was valid at the hearing” — the only difference being as to the cost. Here we see that a defect, not for the want of necessary but of
 
 proper
 
 parties, although not pointed out by demurrer or plea, or relied on in the answer, was fatal at the hearing (before the New rules, with which we have nothing to do.)
 
 A fortiori,
 
 where there is a want of equity, or where the plantiff’s right to insist upon an equity is barred by law, the objection is valid at the hearing, although not insisted on by plea or demurrer, or relied on in the answer — upon the broad ground, that the Court has no power to decree in favor of a plaintiff, who, according to a public statute, either has no equity or is barred from setting up an equity.
 

 The bill must be dismissed, but as the objection was not taken until the hearing, no cost is allowed.
 

 Per Curiam. Bill dismissed.