PeaksoN, C. J.
 

 "We are satisfied the defendant, "Whitfield,
 
 “
 
 stifled the bidding,” and was enabled to buy the land for a sum greatly under its value, by assuring several gentlemen, who wished to purchase, that his object in forcing a sale, was merely to effect a
 
 “
 
 brotherly arrangement,” and compel his brother to come to a fair settlement, upon which he would reconvey the land, and requesting them, as it was a family matter, not to bid against him. We are satisfied that the defendant Hill, was one of the gentlemen who was influenced, either directly or indirectly, by these assurances and representations, not to bid. But the allegation that Hill colluded with William A. Whitfield, and was induced not to bid, by reason of an understanding, that he was to share in the spoils and take the part of the land which he wished to buy, “at nearly the same rate, that William Whitfield should buy it at,” is not proved — on the contrary, we are satisfied that he gave a full and fair price. It is true, the fact of his buying so soon after the sheriff’s sale, raises an inference that his conclusion not to attend the sale and bid, was, in some measure, attributable to an expectation that he would be able to buy the part of the land he wanted from William A. Whitfield, should be become the purchaser. Whether this expectation was caused by the circumstance, that the embarrassment, under which William Whitfield labored, in conse
 
 *320
 
 quence of the delay and difficulty in drawing bis funds
 
 out
 
 of the hands of his guardian, would compel him to sell a part of the land, or by a direct assurance to that effect, is a question which need not be solved ; for, assuming that Hill expected to buy a part of the land, the significance of this fact is, in a great measure, taken way by the fact, that he expected to give, and did give, a full price for it. So, the amount of it is: he was induced not to bid, as well by an expectation that he would have an opportunity to buy a part of the land, as by the assurance that William Whitfield’s objectin forcing a sale, and becoming the purchaser, was simply to place himself in a condition, by which he would be able to effect a family arrangement. But he expected to
 
 malee no gain
 
 other than what is incident to the privilege of buying property at a fair price, provided the parties could agree in respect to it. And the equity of the plaintiff, as against Hill, is attenuated to this: he bought from William Whitfield,
 
 with notice
 
 of the plaintiff’s equity to have back the land upon paying the amount due to William Whitfield ; but he is relieved of all imputation of a fraudulent complicity; and is entitled to this further favorable consideration: the amount paid by him was just about enough to satisfy the judgment, and he made cash payments to meet the necessities of William Whitfied — thus doing what the plaintiff was bound, not only at law, but in conscience to have done; and may fairly claim the benefit of being considered as having done that much in part performance of the family arrangement, which William Whitfield professed to be desirous of effecting.
 

 There can be no doubt, however, that the plaintiff had an equity to have baek all his land, which extended to Hill by reason of the notice, provided he had come forward within a reasonable time, and offered to pay him the amount which he had advanced. The plaintiff was ill advised, and chose to insist upon a supposed legal right to avoid the sheriff’s sale and hold all the land without satisfying the judgment. But for his mistake, in this particular, the whole matter might, at first, have been easily adjusted. He had only to offer to con
 
 *321
 
 firm the sale to Hill, and in that way satisfy the judgment. By doing so, his right to have a reconveyance of the rest of the land, would have been made too clear to admit of any doubt or opposition. Now, the question is, as he elected to insist upon a right, at law, to which he was not entitled, in consequence of which, there has been much litigation, and a
 
 delay of more than seven
 
 years, during all of which time, he has neglected the duty of discharging the judgment, and availed himself of the opportunity, which this litigation afforded, to evade its enforcement, is it not
 
 too late
 
 for him to fall back upon an equity, growing out of the fact, that the bidding at a sale, made by the sheriff, was stifled, and claim a reconveyance of the property upon an offer, now, for the first time made, to pay the amount due upon the judgment, provided he is allowed credit for the profits made out of the land ; thus, in effect, taking advantage of his own wrong in order to reap the fruits of another’s labor?
 

 In
 
 McDowell
 
 v. Sims, 6 Ire. Eq. 278, it is held that the equity growing out of “ puffing” at a sale, must be insisted upon in*a reasonable time, and it would seem, from analogy, that the equity growing out of “ stifling the bidding,” should be subject to a like restriction ; for the defendant, in the execution, is certainly in default, so long as he suffers the debt to remain unpaid.
 

 But we will not decide the question, for, in this case, by the plaintiff’s own showing, his equity is barred by the statute of limitations, upon the principle established in the case of
 
 Taylor
 
 v.
 
 Dawson,
 
 3 Jones’ Eq. Rep. 86, the sale having taken place in 1842, and the bill filed in 1856.
 

 The pendency of the action, at law, does not bring this case within the exception according to the ruling in
 
 Hall
 
 v.
 
 Da
 
 vis, 3 Jones’ Eq. 413, because the cause of action is not the same. The right which the plaintiff insisted upon at law, was to set aside the sheriff’s sale
 
 in
 
 toto, and treat it as a nullity. The right which he now insists on, in equity, is to convert the defendants into trustees — assuming the validity of the sale to pass the legal title, and admitting the right of the defendants
 
 *322
 
 to hold the land as security for the amount of the judgment and costs; which two rights, are wholly inconsistent.
 

 In this connection it may be well to remark, that the injunction, in our case, was improvidently granted. The plaintiff ought to have been required, as a preliminary to his coming into a Court of Equity, to enter a nonsuit in the action of ejectment, brought by him, and to permit the defendants to take judgment in the action of ejectment, brought by them, so as not to allow litigation in both courts.
 

 It is settled, that if it appears on the face of the bill that the plaintiff’s case is barred by the statute of limitations-, advantage may be taken, of it by motion on the trial;
 
 Robinson
 
 v. Lewis, Busb. Eq. 58.
 

 The bill, in respect to the defendant Hill, will be dismissed; and the plaintiff will have a decree against the defendant, William Whitfield, against whom there was judgment
 
 pro
 
 confesso, declaring that he is 'entitled to a reconveyance of the land, except the parts conveyed to Hill and Herring, and to an account, in which the plaintiff will be allowed the sums received by William Whitfield of Hill and Herring, upon his agreeing to confirm their title as a credit, and will be charged with the amount of the judgment and costs.
 

 Per, Cubiam, Decree accordingly»