B. B. FREEMAN and others v. W. D. SPRAGUE and others.

*Pleading—Ejectment—Statute of Limitations.*

Upon the trial of an action of ejectment where the plaintiff claimed un-
der a grant from the state and the answer of the defendant denied the
plaintiff's title, it is competent for the defendant to show that the *locus
in quo* had been occupied and cultivated for thirty years prior to the
date of plaintiff's grant, without specially pleading the statute of
limitations.

(*Davis* v. *McArthur*, 78 N. C., 347; *Powell* v. *Powell*, 1 Dev. & Bat. Eq.,
380; *Call* v. *Ellis*, 19 Ired., 250, cited and approved.)

CIVIL ACTION to recover possession of Land, removed
from McDowell, and tried at Fall Term, 1879, of CALDWELL
Superior Court, before *Schenck, J.*

Verdict for defendants, judgment, appeal by plaintiffs.

*Messrs. J. M. Gudger* and *W. H. Malone,* for plaintiffs.
*Mr. J. L. Henry,* for defendants.

SMITH, C. J. The plaintiffs alleging themselves to be the
owners, and the defendants, William Sprague and John H.
Pearson, to be in possession, seek to recover the tract of
land described in their complaint on which is a valuable
hotel, and damages for the wrongful withholding. At the
return term of the summons, Hiram Kelley, the other de-
fendant, on his own application, is permitted "to come into
court and defend as landlord." Thereupon the defendants
put in a joint answer, denying the plaintiffs' title, and de-
claring that the defendants, Sprague and Pearson, as lessees
of their co-defendant, within the past year entered into and
took possession of the land on which the said hotel stands,
less than one acre in quantity, but whether this is embraced
within the boundaries claimed by the plaintiffs they are

unadvised, and have not information on which to found a belief, and that they have erected a valuable building on the land in their possession.

The only issue submitted to the jury and material to be considered on the appeal is as follows: Are the plaintiffs the owners of and entitled to the possession of the land described in the complaint? The jury found this issue in favor of the defendants, and by the concurrence of counsel of both parties were discharged from passing upon the others.

The plaintiffs derive title under a grant from the state issued to them June 7, 1876, and insist upon a location which covers the land in dispute. The defendants deny that the land is within the boundaries of the plaintiffs' grant and claim that it is embraced in each of two grants, to Thomas Hemphill, dated respectively in 1787 and 1803, and further proposed to show that the *locus in quo* has been occupied and cultivated for more than thirty years, to-wit: from June, 1805, to 1854, by different persons. This evidence was objected to by the plaintiffs on the ground that the defence arises under the statute of limitations, and not being specially set up and relied on in the answer, as required by the code, § 17, it was irrelevant and incompetent. The evidence was received and the plaintiffs excepted. Upon the correctness of this ruling the present appeal depends; since, if sustained, it puts an end to the action; and if not, results in a *venire de novo*.

The answer denies the plaintiffs' right to the land of which the defendants are in possession; and this, as an essential condition of recovery, is the point presented in the first issue. The evidence was introduced to show title out of the state at the date of the plaintiffs' grant and that no estate was conveyed thereby. It was pertinent and proper on the enquiry then before the jury, and to enable them to arrive at a conclusion. It was not offered to bar a pre-ex-

isting right of action lost by lapse of time, but to show that no title vested in the plaintiffs under the grant, and they never had a cause of action against the defendants. The provision in the code introduces no new rule, as the statute of limitations has always been required to be brought forward by special plea, to render the defence available. It was otherwise in equity, and if the bar of the statute appeared in the statement of facts contained in the plaintiff's bill, the protection afforded by his delay, could be obtained by a demurrer. As the separate systems are now merged in a single mode of procedure, in order to secure uniformity of practice, the rule which prevailed at law is adopted and prescribed. But it was never necessary to plead the statute in order to authorize the admission of proof that title to the land claimed was out of the plaintiff and in some one else, as well as that it was in the defendant, by prior and overreaching conveyances, or in consequence of long continued adverse possession, from which it is conclusively inferred. Either equally defeats the action, as the enquiry is not whether the defendant has not, but whether the plaintiff has title to the property claimed. *Davis* v. *McArthur*, 78 N. C., 357, and cases therein cited.

In *Call* v. *Ellis*, 10 Ired., 250, the defendant resisted the plaintiff's recovery on the ground that the action had not been brought within three years after the cause of action accrued, and that by his adverse possession of the slave during that period, the defendant had acquired title under the Revised Statutes, ch. 65, § 18. In delivering the opinion NASH, J., says: "The statute of 1820, Rev. St., ch. 65, § 18, does not bar merely the action after three years adverse possession, but confers title. So that such possession is not only a full answer to an action, but is in itself a complete title to support an action, either to recover the property specifically, or damages for a conversion or a trespass. It is similar in its operation

to a seven years adverse possession of land under color of title under the act of 1715, except that the possession of slaves need not be accompanied with any color of title." *Powell* v. *Powell*, 1 Dev. & Bat. Eq., 380.

If the action were governed by the limitations contained in the code of civil procedure, we can see no just ground for departing from the construction and practice under similar provisions of the previous law. But the case is controlled by the statutes in force when the new system was adopted § 16.

The plaintiffs alleged right to sue, it is true, did not arise until after the issuing of their grant, but a cause of action long before accrued to the state, to whose title they succeed and with whom they are in privity, and the test is the time of the accruing of a cause of action against a wrong-doer or trespasser, and not in whose behalf and benefit the suit is prosecuted.

The disposal of this exception dispenses with the necessity of considering the others. There is no error in the ruling of the court admitting the evidence, and the judgment must be affirmed.

No error.                                     Affirmed.