SUSAN J. CLAYTON v. SAMUEL W. ROSE, and others.

*Married    Women—Estoppel—Statute    of    Limitations—Adverse Possession—Infancy.*

1. Equitable as well as legal estates in land vested in a married woman can be transferred only upon her privy examination in conformity to the statute, unless the power is given her in the instrument creating the

trust; and where the transfer is not made according to law, the declaration of the husband in her presence that he had a good title, or her direction as to the appropriation of the purchase money, will not estop her from asserting a claim to the land.

2. Seven years' adverse possession under color, is no bar to an action of ejectment, where the person entitled to commence the same is an infant at the time the title to the land descended to him, and sues within three years next after full age. ·C. C. P., § 27.

3. In such case, the defence of adverse possession set up in the answer amounts to a denial of the plaintiff's title, and is open to rebuttal, though no replication of infancy is put in.

(*Newlin* v. *Freeman,* 4 Ired. Eq., 312'; *Hardy* v. *Holly,* 84 N. C., 661; *Scott* v. *Battle,* 85 N. C., 184; *Herdon* v. *Pratt,* 6 Jones Eq., 327; *Call* v. *Ellis,* 10 Ired., 250; *Freeman* v. *Sprague,* 82 N. C., 366; *Jones* v. *Cohen, Ib.,* 75, cited and approved.) ·

EJECTMENT tried at Fall Term, 1881, of HYDE Superior Court, before *Bennett, J.*

Appeal by plaintiff.

*Mr. Geo. H. Brown, Jr.,* for plaintiff.
*Mr. W. B. Rodman,* for defendants.

·SMITH, C. J. On November 2nd, 1855, Allen Burrus conveyed the land in dispute to Thomas S. Burrus in trust "for the sole use and benefit" of the plaintiff then the wife of William P. Clayton, "during her natural life, and that after her death the trustee shall hold and possess the land and premises aforesaid for the sole benefit and advantage of the heirs of her body begotten by her present husband, to be conveyed to her said heirs when the youngest shall have arrived at the age of twenty-one years provided the said Susan be then dead," and in case there shall be no such heirs, then the remainder to be conveyed to say William, if living, and if not to his heirs.

On January 1, 1868, William P. Clayton and his wife executed a deed undertaking to convey the said land to the defendant Mahala, then a feme sole and since intermarried with the defendant, Samuel W. Rose, for the consideration

of one thousand four hundred dollars, which with the assent of said Susan, and by direction of her husband, was paid to one Saunderson in discharge of a debt theretofore contracted by the husband in the purchase of other land. This deed was proved on November 12, 1879, by the subscribing witness and registered without any privy examination of the feme bargainor. The land passed into the possession of Clayton and wife soon after the making of the deed from Allen Burrus, and so remained until their deed to Mahala, since which she and her tenants have continued in uninterrupted occupation. Thomas Burrus, the trustee, died in 1866, leaving several children, all of whom are minors except the eldest, Allen, who arrived at full age in 1879. William Clayton died in November, 1878, leaving issue of the said Susan who are still living.

Before paying the money to Saunderson which was on January 1st, 1868, the said Mahala, in the presence of the plaintiff, asked her husband, the said William Clayton, if he was making her a good title, " and he replied that he had a good title if ever there was one." The plaintiff herself was silent.

The action was begun on May 13th, 1879, against the defendants, Samuel W. Rose and William Jones, and at spring term, 1881, an amendment was allowed making said Mahala a party defendant, and a summons was thereafter issued and served on her on July 19th, 1881.

Upon these facts found by the judge, a jury trial being waived, the court was of opinion and so ruled that the deed from Clayton and wife did not convey the estate of the said Susan, because there had been no privy examination of her under the requirements of the statute.

2. That the statute of limitations under the findings was no bar to her recovery; and

3. That there was no estoppel produced by the declaration of said William as to the title, in the presence and hearing

of the plaintiff, and to which she made no answer, nor by her direction of the payment of the purchase money to Saunderson. From the judgment rendered for the recovery of the land the defendants appeal.

The brief of the appellants exhibiting much research and learning, places the defence upon several grounds which we proceed to consider.

1. It is urged that an equitable estate in special tail converted into a fee under the act of 1784, for the separate use of the plaintiff, passes under the deed of Allen Burrus, and that her deed of January, 1868, without a privy examination is sufficient to convey an equitable estate for her life. We do not give our assent to the proposition that equitable estates in land vested in a married woman in the absence of a power in the instrument creating the trust, pointing out and authorizing a different mode, can be transferred without conforming to the statutory regulations applicable to legal estates. The act in force when the deed was executed declares that all conveyances in writing and sealed by husband and wife, for any lands, and duly proved or by them personally acknowledged before one of the judges of the supreme or superior courts, or in the court of the county where the land lieth, the wife being first privily examined before said judge or some member of the county court, appointed by the court for that purpose, whether she doth voluntarily assent thereto, and duly registered, shall be valid in law to convey *all the estate, right and title* which such wife may have in the said lands, tenements and hereditaments. Rev. Code, ch. 37, § 8.

The statute admits no distinction ·between legal and equitable interests and embraces every " estate, right and title," which the married woman may possess in land, and such is the construction put upon it by the court. Thus RUFFIN, C. J., says: "But that (the exclusion of the husband from the wife's land) does not enable the wife to dispose of

it as a feme sole, which she can only do when she has a power to that effect." *Newlin* v. *Freeman*, 4 Ired. Eq., 312. Near the conclusion he adds in the same opinion: " As there was therefore no power in the marriage articles which comprised after-purchased lands, and no power of devising it reserved to the wife, in the deed which she took to her trustee, we can only look to this, *as to any other ordinary trust of real property for a married woman, and she can convey the land only by the ordinary means by which she can convey her legal estates, for as to that equity follows the law.*"

The argument which seeks to deduce from adjudicated cases elsewhere a capacity in a feme covert to dispose of her equitable estate in land, when not restricted by the provisions of the instrument creating it, as if she were *sole and unmarried*, overlooks the case of *Hardy* v. *Holly,* 84 N. C., 661. After a full review of the decisions in this state and an exhaustive examination of the subject, the conclusion arrived at is thus announced by RUFFIN, J.: " We must take it to be the settled law of this state, at least, that a married woman as to her separate property, is to be deemed a feme sole only to the extent of the power expressly given her in the deed of settlement." And in *Scott* v. *Battle*, 85 N. C., 184, it is held that a feme covert's deed, not executed in the prescribed mode is wholly inoperative. Abiding by these decisions we do not propose to re-open the question.

2. Nor do we think the defendants can protect themselves under a seven years adverse possession with color of title. It is conceded that where the right of entry is barred and the right of action lost by the trustee or person holding the legal estate through an adverse occupation, the *cestui que trust* is also concluded from asserting a claim to the land. Lewin on Trusts, marginal page 604; *Herndon* v. *Pratt*, 6 Jones Eq., 327. And the correlative must be accepted that when the trustee is not barred, neither can the *cestui que trust* be, since as against strangers they are identified in inter-

est. The alleged hostile possession by the defendant began after the death of the original trustee and when the legal estate had descended, clothed with the trust to his infant children, and this disability prevents the statute from starting to run to their prejudice. This is true if the former statute governs (Rev. Code, ch. 65, § 1,) or the substituted limitations contained in the Code. In both there is a saving of the rights of infants. C. C. P., § 27.

The criticism to which section 20 may be obnoxious in misreciting other intended sections, cannot affect the application of section 27 to the previously limited actions for real property, to which these are expressly made subject.

But it is argued that the statute of limitations being relied on to protect the defendants' possession cannot be met except upon a replication of infancy, and none such is put in.

This is a misconception of the issue, if sufficiently made in the first clause of the answer, which asserts that the feme defendant has been in the adverse possession of the land claimed since January 1st, 1868, as her own, under the deed from the plaintiff and her husband. This averment is of title, thus acquired, in the defendant and is open to rebuttal. It is not so much a plea of the statute as barring the suit, but the denial of the plaintiff's title, and an allegation that it has become, by the means aforesaid, vested in the feme defendant. In *Call* v. *Ellis*, 10 Ired., 250 NASH, J., says : " The statute of 1820 does not bar merely the action after three years' adverse possession (of a slave) but *confers title*," and he assimilates the case to the operation of a seven years' adverse possession of land under color of title. The controversy there is as to title, and is open to evidence impeaching, as well as that sustaining, the allegation. *Freeman* v. *Sprague*, 82 N. C., 366 ; *Jones* v. *Cohen, Ib.*, 75.

3. The remaining objection to be noticed is the estoppel arising out of the feme defendant's direction as to the ap-

propriation of the purchase money, and her silence when her husband declared that a perfect estate vested under the deed. We cannot see how any such supposed consequences can follow. The presumed marital influence repels the inference of actual fraud from the failure of the wife to make any response to her husband's declaration, and if she is to lose her estate thereby it is difficult to understand how coverture would ever be a shield, since every deed made, in the very act of execution, involves an assertion of some title in the person who makes it, and thus the disability would be unavailing to avoid the conveyance. The declaration cannot be construed to mean more than that a good estate was in the bargainors, and is transmitted in their deed. The first is true, and the second is an assertion as to the sufficiency of the deed to pass the estate, and this is a proposition of law. Of course it is not meant that proof and registration were not necessary to its efficacy, and in these is included the privy examination as necessary thereto.

Again, fraud as a fact is not found, and we cannot infer it from the evidence. The judge below, acting in place of a jury by consent, must find the existence of fraud, and we can only revise his ruling as to what constitutes it. The objection is untenable.

The matters involved in the reference are not before us on the appeal, and without intimating an opinion we simply refer to the case already cited (*Scott* v. *Battle*) as to the equities of the parties growing out of the avoidance of the plaintiff's deed. There is no error, and the judgment must be affirmed. Let this be certified.

No error.                                    Affirmed.