E. EVERETT v. ELIJAH RABY.

*Action to Recover Land—Estate in Equity—Trust—Creditor's Bill—Judgment—Execution.*

1. When A. purchased and paid for land, and had title made to B. for the purpose of defrauding his creditors, and judgments were obtained against him, and the land sold under execution : *Held*, the purchaser got no title.

2. When one has only a *right in equity* to convert the holder of the legal estate into a trustee, and call for a conveyance, there is not such a trust estate created as is subject to sale under an ordinary execution.

3. The remedy of the judgment creditor, is an action in the nature of a creditor's bill to subject the land to the payment of debts.

4. When, upon the inspection of the whole record, it appears that the judgment was unwarranted upon the facts, this will, *ex mero motu*, reverse it.

This was a CIVIL ACTION, tried at Fall Term, 1889, of SWAIN County Superior Court, before *Clark, J.*

The facts are stated in the opinion.

Mr. *A. M. Fry*, for the plaintiff.
Mr. *F. C. Fisher* (by brief), for the defendant.

SHEPHERD, J.: The complaint alleges that J. B. Raby purchased and paid for the land described in the complaint, but, for the purpose of defrauding his creditors, procured the title to be made to his father, the defendant. Judgments were obtained against the said J. B. Raby, and, under them, executions issued, and were levied upon the lands. The plaintiff purchased at a sale under these executions, and brings this action for the possession, and also to have the defendant declared a trustee for his benefit. No answer was filed, and judgment was rendered in accordance with the prayer of the complaint, from which the defendant appealed.

It is hardly necessary to cite authorities to show that the interest of J. B. Raby could not be sold under execution. The distinction between an *estate* in equity and a mere *right* in equity, in this respect, is well stated in *Hinsdale* v. *Thornton,* 75 N. C., 382. In this case PEARSON, C. J., says: "When one has an estate in equity, viz., a *trust estate,* which enables him to call for the legal estate without further condition save the proof of the facts which establish his estate, this trust estate is made the subject of sale under *fi fa.* But where one has only a *right in equity* to convert the holder of the legal estate into a trustee and call for a conveyance, the idea that this is a trust estate, subject to sale under *fi fa,* is new to us."

In the present case, the judgment debtor did not have even a *right* in equity, as it is alleged that the trust was infected with fraud; in which case the Court would not act at the instance of either party. *Page* v. *Goodman,* 8 Ired. Eq., 16.

There can be no question as to the sale being void, and that the remedy of the creditors is an action in the nature of a bill in equity to subject the land to the payment of their debts. *Jimmerson* v. *Duncan*, 3 Jones, 538; *Gowing* v. *Rich*, 1 Ired., 553; *Gentry* v. *Harper*, 2 Jones Eq., 177; *Morris* v. *Rippy*, 4 Jones, 533; *Love* v. *Smathers*, 82 N. C, 369.

It is but just to say that this point was not made before his Honor, but as it is our duty to inspect the whole record (*Norris* v. *McLain*, decided at this term), and as the defect is inherent, we think it better to put our decision upon this ground without noticing the questions of practice raised in the Court below.

The judgment should be set aside as unwarranted by the allegations of the complaint.

Error.