W. A. GUTHRIE v. E. W. BACON.

*Cause of Action—Parol Trust—Court of Equity—Creditors— Complaint—Demurrer—The Code—Limitation—Legal and Equitable Causes of Action.*

1. Where A purchased land and paid for it with his own money, but had the conveyance therefor executed to another, who was to hold upon a parol trust to reconvey, and this transaction was in fraud of A's creditors: *Held,* (1) that A had no such interest in the land as could be asserted in a Court of Equity; (2) A's creditors had a right to follow the fund so converted into land; (3) the complaint, setting forth the above facts, states a sufficient cause of action; (4) the statute of limitations, not being pleaded, is no bar to the action.

107—22

2. *The Code*, § 138, requires the statute of limitations to be specially pleaded, and no distinction is made between legal and equitable causes of action in this respect.

This was a CIVIL ACTION, heard upon complaint and demurrer, before *MacRae, J.*, at September Term, 1890, of CUMBERLAND Superior Court.

The facts are sufficiently stated in the opinion of the Court.

*Messrs. Rose & Rose* (by brief), for plaintiff.
*Messrs N. W. Ray* and *T. H. Sutton*, for defendant.

SHEPHERD, J.: As this action was dismissed upon demurrer, we must, of course, assume that all of the allegations of the plaintiff are true. It appears from the complaint that E. W. Bacon purchased the land in controversy at an administration sale, paid for the same with his own money, and, for the purpose of defrauding his creditors, procured it to be conveyed to W. S. Hair, who agreed, by parol, to hold it in trust for him. It also appears that the said Hair and the other defendant are claiming the land under and through the said fraudulent conveyance.

It is plain that E. W. Bacon, by reason of his fraudulent intent, had no interest whatever in the property which he could have asserted in a Court of Equity. In a similar case it was said that such a debtor "did not have even a *right* in equity, as it is alleged that the trust was infected with fraud, in which case the Court will not act at the instance of either party." *Page* v. *Goodman*, 8 Ired. Eq., 16; *Everett* v. *Raby*, 104 N. C., 479. The creditors of Bacon, however, had a right to follow the fund which had thus been fraudulently withdrawn. *Page* v. *Goodman, supra; Rhem* v. *Tull*, 13 Ired , 57; *Gowing* v. *Rich*, 1 Ired., 553; *Dobson* v. *Erwin*, 1 D. & B., 569; *Gentry* v. *Harper*, 2 Jones Eq., 177; *McGill* v.

*Harman,* 2 Jones Eq., 179; *Wall* v. *Fairley,* 77 N. C., 105; *Dixon* v. *Dixon,* 81 N. C., 323; *Everett* v. *Raby, supra.* This right vested in the assignee of Bacon when he became a bankrupt, and the assignee, representing the creditors, would not have been estopped from asserting it. *Boone* v. *Hall,* 7 Bush., 66; *In re Metzger,* 2 B. R., 114; *Bradshaw* v. *Kline,* 1 B. R., 146; *In re Wynne,* 4 B. R., 162. The plaintiff, under the peculiar provisions of the Bankrupt Law, and the very comprehensive language of the conveyance executed to him by the assignee, acquired the said right to pursue the fund, and the complaint, therefore, sets forth a cause of action.

The defendants, however, insist that the action is barred by the lapse of time, and our attention is called to the Bankrupt Act, § 2, which provides that such causes of action shall be prosecuted within two years from the time they accrue in favor of the assignee.

It is urged, upon the authority of *Robinson* v. *Lewis,* Busb. Eq., 58, that where an equitable claim appears upon the face of the bill, to be barred by lapse of time, or the statute of limitations, that it may be taken advantage of by demurrer, and that it need not be specially pleaded. This was unquestionably true under the former system, but the statute now requires it to be pleaded (*The Code,* § 138), and no distinction is made in this respect between equitable and legal causes of action.

SMITH, C. J., in *Freeman* v. *Sprague,* 82 N. C., 366, while conceding the practice under the old system, says that, "as the separate systems are now merged in a single mode of procedure, in order to secure uniformity of practice, the rule which prevailed at law is adopted and prescribed." Of course, if the *title* were involved, lapse of time could be relied upon without any plea in order to show title out of the plaintiff as well as in the defendants. But such is not the case here, and even if the title were in issue, the com-

plaint does not show any adverse possession in the defendants, without which the defence would be incomplete.

We are of the opinion that the complaint set forth a cause of action, and that, in the absence of the plea of the statute, it is not barred.

The judgment dismissing the action should, therefore, be

Reversed.