## W. P. OLDHAM v. SARAH M. RIEGER.

(Filed 16 October, 1907).

**1. Executors and Administrators—Judgment Against Intestate—Independent Action—Procedure.**

When it appears that plaintiff had obtained judgment against the defendant's intestate, it was not necessary for plaintiff to establish his claim against the defendants in an independent action in the nature of a creditor's bill.

**2. Same—Judgment Against Intestate—Accounting—Clerk—Jurisdiction.**

In a proceeding brought by plaintiff before the Clerk to have an accounting of the defendants, as administrators, and to compel payment of plaintiff's judgment theretofore obtained against defendants' intestate, the Clerk has jurisdiction of the action, and it is proper for him, upon issues raised, to transfer the cause to the Superior Court for trial.

**3. Same—Judgment Against Intestate—Accounting—Clerk—Superior Court—Jurisdiction.**

When an action against administrators, brought for the purpose of enforcing a judgment theretofore obtained by plaintiff against their intestate, and demanding an accounting, is transferred by the Clerk to the Superior Court for trial upon issues joined, it is proper for the Superior Court, in the economical and speedy administration of justice, to proceed to hear and determine all matters in controversy, or to remand the cause to the Clerk, in its discretion.   Revisal, secs. 129, 614.

**4. Limitation of Actions—Statute—Answer—Demurrer—Motion to Dismiss.**

Under Revisal 1905, sec. 360, declaring that the objection that an action was not commenced within the time limited can only be taken by answer, the bar of limitations cannot be raised by demurrer or motion to dismiss.

**5. Same—Answer—Admissions—Questions of Law—Apparently Barred—Defenses.**

Where the complaint sets out a cause of action which is barred, and the facts are admitted by answer, and the statutory bar is pleaded, the Court may decide the question as a matter of law; but where the complaint states a cause of action apparently barred, and the answer denies the facts and sets up the bar, the Court cannot dismiss on a motion for nonsuit, since, under Revisal 1905, sec. 485, a plea of the statute does not require a reply;

and further, since, under section 248, the fact that the action is not barred on the ground of infancy, etc., may be shown by evidence.

### 6. Same—Limitations of Actions—Entire Cause—Accounting.

In an action against administrators for an accounting and settlement, when there is a plea of the statute of limitations going to the entire cause of action, the issue raised upon the statute should be determined before an accounting is ordered.

CIVIL ACTION, heard before *Webb, J.,* upon the pleadings and statement of counsel, at March Term, 1907, of the Superior Court of BRUNSWICK County.

The Court was of the opinion that the plaintiff was not entitled to recover, and dismissed the action. Plaintiff appealed.

The plaintiff alleges in his complaint that he recovered judgment against A. W. Rieger on 14 December, 1895, for $126.31, in New Hanover County, before a justice of the peace, and that the judgment was duly docketed on the same day in the Superior Court, under the statute; that the said Rieger died in Brunswick County, the place of his domicile, on 3 December, 1903, and that the defendants Sarah M. Rieger and M. B. Mintz qualified as administrators of his estate in said county of Brunswick on 8 December, 1903; that the plaintiff duly demanded payment of the judgment from the defendants, as administrators, which was refused. They further allege that more than two years have elapsed since the defendants qualified as administrators, and that the judgment still remains unpaid. The defendants answer the complaint and admit the death of A. W. Rieger and administration on his estate, as alleged in the complaint, but they deny all the other allegations of the complaint, except the one that two years have elapsed since letters of administration were taken out by them. They then plead the statute of limitations, denying the material allegations of the plaintiff's complaint, except as hereinbefore stated, and averring that, even if they be true, the plaintiff's cause of action, upon the facts

stated in the complaint and the additional facts averred in their plea of the statute, is barred. The full administration of the estate is alleged, with the usual allegations as to legal notice to creditors, and so forth.

The plaintiff brought this action (or proceeding) before the Clerk of the Superior Court of Brunswick County, where administration was granted, to have an accounting of the defendants, as administrators of the estate of A. W. Rieger, and to compel the payment of their judgment, the suit being in the nature of a creditor's bill, under the statute. The Clerk ruled that the case was cognizable by him, and issued the necessary notices. Upon the issues joined between the parties, he then transferred the case to the Superior Court at term for trial. The plaintiff moved to remand the case, and the Judge was of the opinion, as we infer from the briefs, though not necessarily from the record, that it was the duty of the plaintiff to have prosecuted an independent action upon his judgment before proceeding to call the defendants to an account of their administration of the estate of their intestate. He thereupon rendered judgment dismissing the action, but coupled it with an order, made in open court, directing the Clerk "to require the defendants to file accounts and make a proper settlement of the estate according to the law in such cases made and provided; the said account and settlements to be filed at once, after citation to the proper parties." The plaintiff duly excepted and appealed.

*S. M. Empie* for plaintiff.
*E. K. Bryan* for defendant.

WALKER, J., after stating the case: It is stated in the plaintiff's brief—and the argument which is so ably presented in the defendant's seems to admit—that the learned Judge who presided at the trial of this case ruled as he did because he was of the opinion that the plaintiff should have sued upon the judgment independently, and established his claim against

the estate before bringing this proceeding. In this ruling, if it is correctly stated in the briefs—though it does not clearly so appear in the record—we do not concur. There was a special plea in bar, namely, the statute of limitations, and we think this plea should have been determined before ordering an account, or a reference to ascertain the exact condition of the estate. · It was not necessary to establish the claim of the plaintiff by a new adjudication upon his judgment. *Bank v. Harris,* 84 N. C., 206; *McLendon v. Commissioners,* 71 N. C., 38; *Glenn v. Bank,* 72 N. C., 626. The debt had already been established by a judgment against A. W. Rieger in his lifetime. The Court should have submitted to the jury, unless the parties could agree upon the facts, the issue raised by the pleadings, to-wit, whether the plaintiff's claim was barred; and if it was found that the statute was not in the way of the plaintiff's recovery, then the Court should have proceeded to order an account and settlement. Revisal, sec. 104, *et seq.* The Superior Court had full possession of the case by the transfer, and, therefore, jurisdiction, under the statute (Revisal, sec. 129) and the decisions of this Court, to finally determine all matters of controversy between the parties. This has been the law in cases of administration since the act of 1876-'77, ch. 241 (Code, sec. 1511), as construed in *Haywood v. Haywood,* 79 N. C., 42, and *Pegram v. Armstrong,* 82 N. C., 327; *Bratton v. Davidson,* 79 N. C., 423; Clark's Code (3d Ed.), pp. 263, 264; Revisal, sec. 614; *Capps v. Capps,* 85 N. C., 408; *McMillan v. Reeves,* 102 N. C., 550; *Roseman v. Roseman,* 127 N. C., 494; *Ledbetter v. Pinner,* 120 N. C., 455; *Faison v. Williams,* 121 N. C., 152; *Fisher v. Trust Co.,* 138 N. C., 90. Indeed, the act of 1887, ch. 276 (Code, sec. 255; Revisal, sec. 614), as above cited, provided that whenever a cause which was originally brought before the Clerk is constituted in the Superior Court at term, by transfer, appeal or in any other way, that court

shall proceed to hear and determine all matters in controversy, with power to remand, in its sound discretion, if by that method justice can be more speedily and cheaply administered. *In re Anderson,* 132 N. C., 243.

Not having had the benefit of an oral argument from the learned counsel who represented the respective parties, which is always desirable, we were somewhat troubled to decide upon the reasons assigned in one of the briefs whether the proceedings should not be dismissed in this Court, because it appeared, *prima facie* at least, upon the complaint that the cause of action is barred by the statute of limitations, which is pleaded in the answer. But slight consideration of that question and a cursory examination of the authorities convinced us that the point was entirely without merit. The bar of the statute of limitations could not be raised by demurrer or motion to dismiss. Under the former system it could have been done in equity. *Robinson v. Lewis,* 45 N. C., 58; *Whitfield v. Hill,* 58 N. C., 316; *Smith v. Morehead,* 59 N. C., 360. But it cannot be under the new procedure, for the law provides that "an objection that the action was not commenced within the time limited can be taken *only* by answer." Clark's Code (3d Ed.), sec. 168, and notes (Revisal, sec. 360). The change, under the reformed procedure, is noted and fully discussed by *Shepherd, J.,* in *Guthrie v. Bacon,* 107 N. C., 337, and *Randolph v. Randolph,* 107 N. C., 506. See, also, *Freeman v. Sprague,* 82 N. C., 366. When the complaint sets out a cause of action which is clearly barred and the facts *are admitted* by the answer, and, in addition to the admission, the statute is pleaded or relied on, then the Court may decide the question as a matter of law. This was the case, as will appear by reference to the statement of the facts, in *Shackelford v. Staton,* 117 N. C., 73, and *Cherry v. Canal Co.,* 140 N. C., at p. 426, in the last of which cases *Justice Hoke* says: "The facts are uncontroverted." But when the complaint states a cause of action

apparently barred, and the answer properly denies the facts or the cause of action, and then sets up the bar of the statute, the Court cannot dismiss upon a demurrer *ore tenus* or a motion to nonsuit, for when such a motion is made it must be decided upon the pleading of the plaintiff or of the adversary of the party who makes the motion, and the Court has no right to look at the pleading of the opposing party, except to see if the facts are admitted, so as to present merely a question of law. No defendant can, therefore, in the science of pleading or practice, demur to the cause of action of the plaintiff and call in aid the averments of his own pleading, unless they amount to an admission of what is alleged in the complaint. This would be in the nature of a "speaking demurrer," and would be no more permissible than if a defendant, after all the evidence had been introduced, should move to nonsuit the plaintiff or to dismiss his action upon the evidence introduced by himself. There is excellent reason for this rule, in the case of pleadings, when the statute of limitations is set up as a bar, and it is this—when the plaintiff alleges the facts constituting his cause of action, and the defendant denies the material allegations and then pleads the statute of limitations as a bar, the Court evidently has no facts before it upon which it can declare the law as to the statutory bar, because there are no facts admitted or found by a jury; and for one other reason at least, if not for still others just as sound and conclusive, namely, that the plaintiff has the right, without any special or written reply—Clark's Code (3d Ed.), sec. 248 (Revisal, sec. 485)—to show in evidence that his cause of action is not barred, although apparently so, as, for instance, that he was an infant, or imprisoned, or insane, or, if a *feme,* that she was *covert* at the time the cause of action accrued, or any other good and sufficient disability which would exempt his or her cause of action from the operation of the statute. This being so, how could the Judge dismiss and thereby exclude the plaintiff from his

right to repel the plea of the statute by proof? It must be remembered that the plea of the statute does not, like a counterclaim, require any special written reply, but a reply is always deemed to have been made, as upon a direct denial or avoidance, as the nature of the case may require. Clark's Code (3d Ed.), sec. 248, and notes; Revisal, sec. 485; *Askew v. Koonce,* 118 N. C., 526.

We have discussed this question somewhat fully, because it does not seem to be very clearly understood.

The court erred in not first submitting to the jury the plea of the statute instead of ordering an *immediate* accounting *in limine.* The plea in bar should have been disposed of, because, if found in favor of the defendant, no reference or accounting would have been necessary. *Royster v. Wright,* 118 N. C., 152, and cases cited; *Smith v. Barringer,* 74 N. C., 665; *Clements v. Rogers,* 95 N. C., 248; *Kerr v. Hicks,* 129 N. C., 141; *Bank v. Fidelity Co.,* 126 N. C., 320; *Austin v. Stewart,* 126 N. C., 525; *Jones v. Wooten,* 137 N. C., 421. The court could hardly have proceeded under Revisal, sec. 100, which requires the Clerk of the Superior Court to compel the filing of accounts within twenty days by executors or administrators who have neglected to comply with their statutory duty.

There was error in the ruling of the court.

Error.