HELEN MAJETTE v. GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. THE PEOPLE'S BANK, INC., AND E. L. COX, JR., LIQUIDATING AGENT OF THE PEOPLE'S BANK, INC.

(Filed 20 March, 1935.)

APPEAL by defendants from *Cowper, Special Judge,* at November, 1934, Term of HERTFORD. No error.

The following issues (agreed to between the litigants) were submitted to the jury and their answers thereto are as follows: "(1) Has the plaintiff, by her acts and conduct, ratified the acts of J. B. Majette in delivering the note and deed of trust of Floyd Bridgers to the People's Bank as security for his loan from said bank? A. 'No.' (2) Is the plaintiff Helen Majette estopped by her acts and conduct to demand possession of the note and deed of trust to Floyd Bridgers from the defendants? A. 'No.' (3) Is plaintiff's cause of action for the recovery of the Floyd Bridgers note and deed of trust barred by the three years statute of limitations? A. 'No.' (4) Is the plaintiff Helen Majette the owner of and entitled to the immediate possession of the note and deed of trust of Floyd Bridgers? A. 'Yes' (by the court by consent). (5) Are the defendants the rightful holders of the note and deed of trust of Floyd Bridgers as security for the loan of J. B. Majette? A. 'No' (by court by consent)."

The court below rendered judgment on the verdict. The defendants made numerous exceptions and assignments of error and appealed to the Supreme Court.

*W. D. Boone for plaintiff.*
*Alvin J. Eley for defendants.*

PER CURIAM.   At the close of plaintiff's evidence and at the close of all the evidence the defendants in the court below made motions for judgment as in case of nonsuit.   C. S., 567.   The court below overruled these motions, and in this we see no error.

"Defendants moved for judgment of nonsuit in the court below on the ground that from all the evidence plaintiff's cause of action is barred by the three years statute of limitations.   Motion denied; defendants excepted and assigned error.

"Defendants moved for directed verdict on the grounds that the plaintiff is estopped by her acts and conduct to demand the possession of the note and deed of trust of Floyd Bridgers from the defendants.   Motion denied.   Defendants excepted and assigned error."

Defendants in apt time requested the court to charge the jury as follows: "Gentlemen of the jury, if you believe all the evidence, you will answer the second issue 'Yes.'   The court declines to so charge. Defendants excepted and assigned error.   Defendants further requested the court to charge:   Gentlemen of the jury, if you believe all the evidence, you will answer the third issue 'Yes.'   The court declines to so charge.   Defendants excepted and assigned error.   Defendants further requested the court to charge: 'I charge you that if the note of Floyd Bridgers was delivered to the People's Bank as security to the loan of J. B. Majette prior to the year 1922, and that the plaintiff Helen Majette found out that the said bank held the note of Floyd Bridgers as security to the loan of J. B. Majette during the year 1922, the statute of limitations would begin to run from the time that she found out or knew of the fact that the note was so held by the bank and plaintiff's cause of action would be barred in three years from said time.'   The court declines to so charge.   Defendants excepted and assigned error."

This whole matter, in reference to the above exceptions and assignments of error on conflicting testimony, was left to the jury to determine.   The only exception and assignment of error as to the charge of the court below is as follows: "You will remember that the burden of proof upon this issue is upon the plaintiff, Miss Helen Majette, to satisfy you from the evidence and by its greater weight that she did institute the action within three years from the time the alleged cause of action accrued.   Applying the principles of law which the court has just laid down, and addressing myself to the third issue, the court instructs the jury that unless the jury shall find from the evidence and by its greater weight, the burden being upon the plaintiff, that the plaintiff instituted or commenced her action within three years of such time as the jury shall find that the position of the plaintiff and defendants became adverse, as the court has just defined and explained the word 'adverse,' as it applies to this case, then it would be the duty of the jury to answer

the third issue 'Yes,' but if the jury shall so find by the greater weight of the evidence, the burden being upon the plaintiff, it will be the duty of the jury to answer the third issue "No.' "

We think, under the facts in this case, the question of the statute of limitations was properly left to the jury. In *Garland v. Arrowood,* 172 N. C., 591 (594), it is said: "The plea of the statute of limitations generally involves a mixed question of law and fact, and when the facts are not admitted they must be found by a jury, unless by consent they are found by the court. *Oldham v. Rieger,* 145 N. C., 259."

The deed of trust to Barnes, trustee, in regard to recitals therein contained, was properly excluded. Plaintiff did not authorize and knew nothing of this at the time the deed of trust was executed. The matter was *res inter alios acta.*

The note in controversy, which belonged to plaintiff, was never endorsed by her, and when the bank took it, as collateral for her brother's debt to the bank, there was no endorsement on it.

We do not think it necessary to set forth the evidence. From a careful review of the case, none of the exceptions and assignments of error can be sustained. The issues were agreed upon between the litigants and the charge of the court below applied the law applicable to the facts with such clarity and correctness that no exception to it was taken, except in regard to the statute of limitations. From a careful review of the case on the record we find

No error.