WRIGHT, J.,
.delivered the opinion of the Court.
The hill in this case, is filed to recover of the defendant, Jesse D. Hall, a slave, Judy, and her child Henry.
The bill alleges, fend the proof shows, that the defendant, very soon after he came into possession of said .slaves, for the purpose of defeating the claim of complainants, whatever it was, removed said slaves to another State. The prayer of the bill is, that complain.ants may have a decree, in specie, for said slaves and •their hires, and the increase of Judy; and if defendant ■has rendered such a decree impossible, that then they •.may recover the value of said slaves and hires and interest, as shall be found just and proper.
The decision of this case rests, upon the following Tacts, to-wit: In October, 1842, George H. Parker, the Tather of complainants, George A., Mary and Alvin D. Parker, and of their deceased sister, Malvinia M. Parser, was duly qualified as their guardian in the County ■Court of Weakley county, in this State; and as such, ¡received into his possession a fund belonging to them.
This fund was derived by them under the will of Alonzo P. Smith, a deceased relation.
On the 6th of May, 1848, the said George H. Par.ker, the guardian, with a portion of said funds, pur■chased of C. McAlister, the slave Judy and her son Robert, and took of him a bill of sale, in the words and .figures following, viz,:
*643 “State of Tennessee, Obion county: For six-dred dollars to me in band paid, by George H. Parker, guardian of bis minor children, George Parker, Mary Parker, Malvinia M. Parker, and Alvin D. Parker, and in right of bis wards and of their money: I hereby bargain and sell, and by these presents do bargain and sell, and deliver to said Parker, guardian as aforesaid, for the purposes aforesaid, the following named slaves, for life, Judy, a woman aged about twenty years, and Robert, her child, aged about two years. To have and to. hold, in trust, for his wards forever; and I hereby warrant them sound and slaves for life, and the title .to them clear and indisputable.
Troy, May 6th, 1843. 0. McALISTER, [l. s.]”
This hill of sale was, on the same day of its execution, duly acknowledged by McAlister, the vendor, before the clerk of the County Court of Obion county, and on the same day properly registered in that county.
At the time of the execution and registration of said instrument, the said McAlister, and the said guar■dian and his wards, resided in said county of Obion.
The slave Henry is a child of Judy, born after the execution of the bill of sale.
Some two years after its date, the said George H. Parker, with his wards and their mother, and said slaves, removed from Obion, to Tipton county, in this • State; and on the 26th of May, 1845, while he was yet a stranger in said county, sold and conveyed Judy and Henry to the defendant, Hall, by bill .of sale, on that day duly .registered in that -county, and which bill *644 of sale is in the usual form, and recites the consideration as 600.00.
Judy |is there described as aged about twenty-three years, and Henry as ¿‘.cut six months; and the proof shows that Judy’s i was correctly described in both of these bills of sale.
George H. Parker,, the guardian, was insolvent, and had in possession, only, these slaves, and the boy Robert and two others, Dick and Briss, the latter of no value, and both had been purchased, also, with funds of his wards; and the bill of sale to Dick is precisely similar to the one for Judy and Robert, taken from McAlister, of same date, and registered1 as the other.
At the time of these transactions, these wards were infants of tender years, and one of them, viz., Alvin D., a complainant, is yet an infant under twenty-one years of age.
They wTere all infants under twenty-one, in May, 1845, when their guardian sold Judy and Henry to Hall^ and when he took possession of them, and for' sometime thereafter.
George H. Parker, the guardian, died soon after the sale to Hall; and since his death, Malvinia M., one of the wards, died; and complainant, Mary A., her mother, is her administratrix.
The defences relied upon, are that of an innocent purchaser for value, without notice and the statute of limitations.
Neither of these defences can be allowed to avail the defendant. If he had not actual, he had constructive notice, which is equally fatal to him.
The bill of sale from McAlister was duly registered *645 in Obion county, the residence of the .parties at the time, as required by the act'of 1831, ch. 90; and by the 12th section of this act, the instrument so registered is declared to be notice to all the world from the time of its registration. Upon its face it disclosed the title to Judy to be in complainants; and the defend-fendant’s own bill of sale showed that Henry was a ¡child of Judy, born since the, execution t of the bill of sale. The removal and sale of the slaves in a different county, cannot displace the notice afforded by the registry. To so hold, would be ruinous in its consequences, .and a virtual repeal of the registry laws.
The defendant, before buying, was bound to trace the residence of these parties, and the history of the title of Judy, by a search of the Register’s books. Not to do so, was gross negligence. If he had done so, ánd the law holds that he did, he could not have failed to see that his vendor had no title. 4 Hum., 212; 1 Swan, 396; 2 Johns. Rep., 510, 523.
As to the statute of limitations, it can have no operation in the case. When the cause of action accrued, the owners of these slaves were all under the disability of infancy, and one of them was still an infant, at the institution of this suit; and upon the principles of Shute v. Wade, 5 Yer., 1, all are saved from the bar.
The position, that when the trustee is barred all the beneficiaries are barred, though they may be under disability, has no application here. That doctrine only applies where the trustee could sue, but fails to do so, as where a stranger intrudes himself into the trust estate and holds wrongfully, and adversely, both to the trustee and the beneficiaries. In such a case, if the *646 trustee fail to sue and is barred, the beneficiaries, though infants, &c., are also barred. But here, George H. Parker, the trustee and owner of the legal estate, had estopped himself from suing by his bill of sale. He had turned against his wards, and united with the defendant in a breach of trust. The wrong was to them, not to him. He could not sue for, or "represent them. In such a case it has been repeatedly held, by this Court, since Herron, v. Marshall, 5 Hum., 443, that the beneficiaries can alone sue, and if they are under disability when the cause of action accrues, they will not he barred until they are allowed the time given in the statute after the disability is removed.
The record entirely fails to disclose any fraud, or other act on the part of complainant, towards defendant, when he purchased this property which will estop, or repel them from a Court of Equity. 4 Hum., 212; 1 Swan, 437.
The decree of the Chancellor will be reversed, and complainants will have a decree for the slaves Jude and Henry, and increase of Judy, born since the defendant’s purchase, with hires and interest; but if the slaves have been so disposed of that they 'Cannot be had, then a decree will go for their present value, hires and interest. 10 Yer., 217.
Decree reversed.