EPHRAIM CLAYTON v. J. H. CAGLE.

*Conveyance by Corporation—Trust—Statute of Limitations.*

1. A deed, which purports to be made between "C. M., President of the D. R. Manufacturing Co.," and "W. M., Trustee," &c., and bears the signature and seal of "C. M.," with the suffix of "President of the D. R. Co.," and also of the trustee, with but one subscribing witness, is not in form and effect, the deed of the corporation, but is the personal act of the President, and, if effectual at all, can only pass his interest in the property.

2. When the statute of limitations is a bar to the trustee, it is also a bar to the *cestui qui trust* for whom he holds the title, both at law and in equity.

(*Insurance Co.* v. *Hicks*, 3 Jones, 58; *Davidson* v. *Alexander*, 84 N. C., 621; *Bason* v. *Mining Co.*, 90 N. C., 417; *Welborn* v. *Finley*, 7 Jones, 228; *Herndon* v. *Pratt*, 6 Jones Eq., 327; *Blake* v. *Alman*, 5 Jones Eq., 407; *Clayton* v. *Rose*, 87 N. C., 110, cited and approved).

This was a CIVIL ACTION, tried before *Avery, Judge,* at August Term, 1886, of BUNCOMBE Superior Court.

The case on appeal contains the following statement of facts:

On April 19, 1846, James W. Patton, Charles Moore and Thomas R. Miller, contracted to sell the tract of land described in the complaint, and executed their bond to make title thereto to the Davidson River Manufacturing Company, a corporation created under a special enactment of the General Assembly, of which they and others associated with them in the contemplated enterprise, were members. On April 3, 1851, the said Charles Moore, its president, and by its direction, executed a deed, undertaking to convey therein, the interest of the company in said land to William Williams, *in trust*, among other things to indemnify and save the plaintiff from loss by reason of his having become liable on certain negotiable paper, to which the said Patton

and Moore were sureties, discounted at the Branch Bank of Cape Fear, at Asheville, for the benefit of the company, and the moneys received therefor appropriated to its use.

. The deed, of which we have a copy in the transcript annexed to the complaint, purports to be made "between Charles Moore, President of the Davidson River Manufacturing Company, of the one part, and William Williams, trustee, of the county of Buncombe, and State of North Carolina, of the other part," bears the signature and seal of Charles Moore. with the suffix, " President of Davidson River Company," and also of the trustee, with but one subscribing witness.

On the same day the certificate of the county court clerk of Henderson shows an acknowledgment before him " by the maker thereof," and an immediate registration.

The land in dispute, at the time of the execution of the deed in trust, was in the territorial limits of Henderson, from which it was subsequently detached, and is part of that constituting the new county of Transylvania, in which there has been no registration, and this county was formed in 1867. The indebtedness to the bank provided for in the deed, after a renewal for the unpaid balance, increased by a further loan of $400, was afterwards put in suit, and upon an agreed compromise, the plaintiff paid $871.67 in discharge of the demand.

It was admitted that title had been divested out of the State since the year 1863.

The defendant exhibited in evidence a deed for the premises made by Moore and Patton to himself, and proved that he purchased and paid full value without actual notice of the deed in trust or of any claim of the plaintiff to the land ; and that since the execution of the conveyance to himself in 1863, he had been in the actual, open, notorious and adverse possession of the same, claiming it as his own up to the time of trial.

The suit was begun on January 2d, 1880.

The plaintiff, conceding that the defendant had not *actual* notice of the previous deed, insisted that by reason of the original registration. he had *constructive* notice of its existence and terms, and was therefore in law equally affected.

The Court was of opinion that the defendant was not affected with notice of the deed, and that his deed, as color of title, supported by the long and continuous adversary possession under it, was sufficient to bar the plaintiff's action. The plaintiff, in deference thereto, suffered a nonsuit and appealed.

No counsel for the plaintiff.

*Messrs. Charles A. Moore* and *Geo. A. Shuford,* for the defendant.

SMITH, C. J., (after stating the facts).   I. The deed in trust is not in form and effect that of the corporation, so as to transfer its equitable estate, arising out of the making of the title bond, to the trustee.   It is the personal act of the president, its chief officer, and if effectual at all, can only pass his interest in the property.   *Ins. Co.* v. *Hicks*, 3 Jones, 58; *Davidson* v. *Alexander*, 84 N. C., 621.

II. If the deed were in form a corporate act, it has not been executed by the company either in the manner authorized by the common law, or under the provisions of the statute then in force.   Rev. Code, ch. 26, §32.

The essential conditions required to make effectual a conveyance of real estate owned by a corporation, have been sufficiently pointed out in the recent case of *Bason* v. *Mining Co.*, 90 N. C., 417, and need no further elucidation or comment.

The case presented in the facts then is simply this:

III. The plaintiff claims, as a secured creditor, a lien upon the land by virtue of the deed to Williams, made in April,

1851, and a right to have it sold for the satisfaction of his demand. The defendant holds under an absolute conveyance from Moore and Patton to himself, executed in 1863, and his possession and exercise of exclusive *proprietary* rights over the property ever since, without interruption from others. Most undoubtedly the latter must prevail, there being no suggestion of any disability resting upon the depositary and owner of the legal title. The annexation of trusts to the legal estate, cannot arrest the operation of the rule which, under the circumstances, ripens an imperfect into a perfect title, since during all this period the defendant was exposed to the action of the true owner, and his negligence in bringing it tolls his entry and bars his right of action. Rev. Code, ch. 65, §1, repeated in *The Code*, §145. The interest of the *cestui qui trust* is, as against strangers to the deed, under the protection of the trustee, and shares the fate that befalls the legal estate by his inaction or indifference. Hill Trustees, *267; Wood Lim., §208; Ang. Lim., §390.

The principle has been distinctly adjudged in this Court. *Wellborn* v. *Finley*, 7 Jones, 228; *Herndon* v. *Pratt*, 6 Jones Eq., 327; *Blake* v. *Allman*, 5 Jones Eq., 407; *Clayton* v. *Rose*, 87 N. C., 110.

We therefore sustain the ruling of the Court, and affirm the judgment.

No error.                                          Affirmed.